UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No. _____

ELIZABETH DIROSA,

    Plaintiff,

vs.

TIMBERLAND PARTNERS INC. d/b/a CARRINGTON AT FOUR CORNERS,

    Defendant.

_____/

**DEFENDANT'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1441, Defendant, Timberland Partners Inc. d/b/a Carrington at Four Corners, hereby gives notice of the removal of the above-styled action from the Circuit Court of the Fifth Judicial Circuit in and for Lake County, Florida, Case No. 35-2023-CA-002108-AXXX-XX, to the U.S. District Court for the Middle District of Florida:

**I. BACKGROUND**

1. On or about May 24, 2023, Plaintiff commenced this action by filing the Complaint in the Circuit Court of the Fifth Judicial Circuit in and for Lake County, Florida. (*See* Compl., Ex. 1.).

2. In pertinent part, the Complaint provides as follows:

    a. This action arises from an alleged slip-and-fall incident that occurred at the Carrington at Four Corners in Clermont, Florida. (*Id.* ¶¶ 7–9, 15–16, 21.)

    b. Plaintiff seeks to recover for personal injuries allegedly sustained in the incident. (*Id.* ¶ 21–22.)

    c. Plaintiff seeks to recover damages in excess of $50,000.00. (*Id.* ¶ 23.)

3. On or about September 7, 2023, Plaintiff responded to Defendant's requests for admission. (*See* Pl.'s Resp. to Req. for Adm., Ex. 2.) Plaintiff admitted she seeks to recover total damages in excess of $75,000, exclusive of interest and costs. (*See id.* ¶ 1.) She denied she was a Florida citizen, however. (*See id.* ¶ 2.) Specifically, she stated: "At the time of the incident, Plaintiff was a resident of the State of Florida. Upon information and belief, Plaintiff no longer resides within the State of Florida." (*See id.*) On November 7, 2023, Plaintiff answered Defendant's interrogatories. (*See* Pl.'s Int. Ans., Ex. 3.) She states she now resides in Florida. (*See id.* ¶¶ 1, 3.)

## II. JURISDICTIONAL BASIS FOR REMOVAL

4. Federal district courts have original jurisdiction of civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332.

5. The amount in controversy has been satisfied. As set forth in Part I above, Plaintiff admits that she seeks to recover damage in excess of the jurisdictional minimum.

6. This matter is between citizens of different states. Plaintiff is a Florida citizen. Defendant is a Minnesota citizen. (*See generally* Hoiby Aff., Ex. 4.)

## III. SATISFACTION OF PROCEDURAL REQUIREMENTS FOR REMOVAL

### A. Timeliness

7. In pertinent part, 28 U.S.C. § 1446, "Procedure for removal of civil actions," provides as follows:

> Except as provide in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which ir or has become removable.

* * *

> If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an "other paper" under subsection (b)(3).

28 U.S.C. §§ 1446(b)(3), (c)(3)(A).

8. The case stated by the initial pleading was not removable. Plaintiff did not make any allegations regarding the parties' citizenship. (*See generally* Compl., Ex. 1.) Nor did Plaintiff allege that the amount in controversy exceeded $75,000.00, exclusive of interest and costs. (*See generally id.*)

9. The case became removable on November 7, 2023. The amount-in-controversy requirement was satisfied on September 7, 2023, when Plaintiff admitted this fact (and denied the request for admission whose purpose was to establish that the diversity-of-citizenship requirement was satisfied). On November 7, 2023, Plaintiff made clear she is a citizen of a state different from the state of which Defendant is a citizen. Plaintiff's discovery responses are "other papers" under 28 U.S.C. § 1446(b)(3). *See, e.g.*, *Wallace v. Home Depot USA, Inc.*, No. 8:15-CV-474-T-36AEP, 2015 WL 1809265, at *2 (M.D. Fla. Apr. 20, 2015) (citations omitted). Therefore, pursuant to subsection (b)(3), the deadline for Defendant to timely remove the action to federal court is December 7, 2023. Because Defendant has filed this Notice before the expiration of the 30-day period, the removal is timely.

**B. Venue**

10. The Circuit Court of the Fifth Judicial Circuit in and for Lake County, Florida lies geographically with the U.S. District Court for the Middle District of Florida. Therefore, the action is properly removed to this Court.

### C. Remaining Procedural Issues

11. Copies of all process, pleadings, and orders served on Defendant have been attached. (*See* Compl., Ex. 1; Ex. 5.)

12. A copy of this Notice will be filed with the Circuit Court of the Fifth Judicial Circuit in and for Lake County, Florida and served on Plaintiff's counsel.

Dated: November 30, 2023.

Respectfully submitted,
LUKS, SANTANIELLO, PETRILLO & COHEN
Attorneys for Defendant
201 S Orange Ave. #400
Orlando, FL 32801
(407) 540-9170

By: */s/ Matthew R. Wendler*
DANIEL J. SANTANIELLO
Florida Bar No.: 860948
MATTHEW R. WENDLER
Florida Bar No.: 71131
LUKSORL-Pleadings@LS-Law.com

### Certificate of Service

**We hereby certify** that on November 30, 2023 a true copy of the foregoing was served by Electronic Service via the CM/ECF system on all counsel of record on the service list below.

LUKS, SANTANIELLO, PETRILLO & COHEN
Attorneys for Defendant
201 S Orange Ave. #400
Orlando, FL 32801
(407) 540-9170

By: */s/ Matthew R. Wendler*
DANIEL J. SANTANIELLO
Florida Bar No.: 860948
MATTHEW R. WENDLER
Florida Bar No.: 71131
LUKSORL-Pleadings@LS-Law.com

4

**SERVICE LIST**

COUNSEL FOR PLAINTIFF
Barry S. Mittelberg, Esq.
Lizzie M. Ramos, Esq.
10100 W. Sample Road, Suite 407
Coral Springs, FL 33065
barry@mittelberglaw.com
leah@mittelberglaw.com
lizzie@mittelberglaw.com